**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **MERCEDES YAMILET DUQUE GIRADO** | **CASE NO. 3:26-CV-02869 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN RICHWOOD CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

# MEMORANDUM ORDER

Before the court is a Motion for Temporary Restraining Order [doc. 8] filed by immigration detainee Mercedes Yamilet Duque Girado, in connection with her pending petition for writ of habeas corpus. *See* doc. 1. According to petitioner, a native of Venezuela, she was granted withholding of removal after entering this country and released under an order of supervision on August 23, 2011. Doc. 1, ¶¶ 5–6. However, her own exhibits only establish that she applied for withholding of removal—not that she received it. *See* doc. 1, att. 2. She was detained by ICE at a scheduled appointment on July 17, 2026, and informed that her Order of Supervision had been revoked. Doc. 1, ¶ 8. She seeks habeas relief on the grounds that the revocation of her Order of Supervision violates her right to due process, and that respondents are unlikely to deport her to a third country within a reasonable timeframe.

On August 20, 2026, petitioner filed an Emergency Motion for Temporary Restraining Order, alleging that she "was informed that she is scheduled to be removed from the United States today, either to Venezuela or Mexico." Doc. 8, p. 2. She seeks

immediate release or an order enjoining respondents from removing her before this court has considered her habeas claims.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

The petitioner's request for immediate release demonstrates no threat of imminent harm beyond her impending removal from the United States, which is evidently the result of lawful removal proceedings and must be challenged in the immigration courts. Instead, she merely seeks to accelerate her request for the ultimate relief requested under her habeas

petition. Courts should not allow petitioners to skip the line on habeas review by dressing their petitions as TRO's. *See Rodriguez v. Lyons*, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025) (denying a "motion to decide my habeas petition now."); *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("[T]he purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."). Additionally, "[f]ederal courts lack jurisdiction over 'claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'" *Imran v. Harper*, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (quoting *Humphries v. Various Ved. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999)). "A request for stay of removal is a challenge to a removal order." *Id.* (citing *In re Asemani*, 2025 WL 1823953, at *1 (4th Cir. Jul. 2, 2025)). There is no basis for granting petitioner's request for emergency relief.

Accordingly, **IT IS ORDERED** that the Motion [doc. 8] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 24th day of August, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**