**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **MERCEDES YAMILET DUQUE GIRADO** | **CASE NO. 3:26-CV-02869 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN RICHWOOD CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**MEMORANDUM ORDER**

Before the court is a Second Motion for Temporary Restraining Order and Motion for Preliminary Injunction [doc. 16] filed by immigration detainee Mercedes Yamilet Duque Girado, in connection with her pending petition for writ of habeas corpus. *See* doc. 1. According to petitioner, a native of Venezuela, she was granted withholding of removal after entering this country and released under an order of supervision on August 23, 2011. Doc. 1, ¶¶ 5–6. She was detained by ICE at a scheduled appointment on July 17, 2026, and informed that her Order of Supervision had been revoked. Doc. 1, ¶ 8. She seeks habeas relief on the grounds that the revocation of her Order of Supervision violates her right to due process, and that respondents are unlikely to deport her to a third country within a reasonable timeframe.

On August 20, 2026, petitioner filed an Emergency Motion for Temporary Restraining Order, alleging that she "was informed that she is scheduled to be removed from the United States today, either to Venezuela or Mexico." Doc. 8, p. 2. She sought immediate release or an order enjoining respondents from removing her before this court

considered her habeas claims. The court denied the motion, finding that she "demonstrate[d] no threat of imminent harm beyond her impending removal from the United States, which is evidently the result of lawful removal proceedings and must be challenged in the immigration courts." Doc. 11.

Petitioner now brings a second motion for Temporary Restraining Order and Preliminary Injunction, alleging that respondents are threatening her imminent removal to a third country, Central African Republic, with little notice and no opportunity to seek protection under 8 U.S.C. § 1231(b)(3) or the Convention Against Torture, "or to express and substantiate her fear of removal to the Central African Republic." Doc. 16, att. 1. She further asserts that respondents lack statutory authority to detain her because they have not demonstrated that her revocation of supervision was validly authorized or that an individualized determination was made as to her circumstances. In opposition, the government provides general diplomatic assurances from the Central African Republic and raises petitioner's lack of cooperation with her deportation to Mexico. Doc. 18.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's

discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

The petitioner's challenge to the revocation of her supervision is an attempt to accelerate her request for the ultimate relief requested under her habeas petition. Courts should not allow petitioners to skip the line on habeas review by dressing their petitions as TRO's. *See Rodriguez v. Lyons*, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025) (denying a "motion to decide my habeas petition now."); *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("[T]he purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."). Accordingly, the court will not consider her arguments for release at this time.

More concerning, however, are petitioner's allegations regarding her lack of notice or opportunity to be heard regarding removal to Central African Republic, where she faces several potential barriers as a 57-year-old woman with a hearing disability who does not speak French or Sango. *See* doc. 16, att. 1, ¶¶ 10–12, 54–55. The Supreme Court holds that the Fifth Amendment "entitles aliens to due process of law in the context of removal proceedings," *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), and "that no person shall be

removed from the United States without opportunity, at some time, to be heard." *AARP v. Trump*, 605 U.S. 91, 95 (2025). The government maintains, however, that petitioner is not required to any due process in the context of third country removal because the Supreme Court granted a stay of the class-wide relief afforded to individuals challenging third-country removal in *D.V.D. v. U.S. Department of Homeland Security*, allowing such deportations to continue subject to the existing terms set by the executive branch based on general diplomatic assurances. *See Camara v. Vergara*, 2026 WL 2256694, at *4 (N.D. Tex. Aug. 2026) (outlining current DHS guidance). Courts in this district, including the undersigned, have also refused to wade into due process challenges to third-country removal based on the Supreme Court's refusal to grant preliminary injunctive relief to the class. *See Ladoutoki v. Rice*, 2026 WL 2322479, at *1–*2 (W.D. La. Aug. 11, 2026) (citing *Rodel Echavez v. Lyons*, 2025 WL 3090769, at *2 (W.D. La. Sep. 22, 2025)). The court will not depart from its prior rulings and determine that this petitioner has shown a substantial likelihood of success on the merits.

Accordingly, **IT IS ORDERED** that the Second Motion for Temporary Restraining Order and Motion for Preliminary Injunction [doc. 16] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 20th day of November, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**